CHARLES A. SLATTERY, *Admr. d. b. n. c. t. a. vs.* WILLIAM WARD *et al.*

MARCH 7, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)  Wills.  Executors and Administrators.  Gift for Masses.*

Where a will directed the executor to pay a sum of money for religious services to a designated priest "or to such other priest as the executor decides" and the executor deceased without taking action, the administrator with will annexed is instructed to pay over the money to the priest named in the will.

*(2)  Wills.  Trusts.  Charitable Uses.  Invalid Gift.*

A bequest to such charities as the executor shall determine or in the discretion of the executor in equal shares to surviving brothers and sisters of testatrix, is invalid, for while the first part made a valid gift for charitable uses, the addition of the alternative gift rendered the entire clause invalid.

*(3)  Wills.  Invalid Gift of Residue.*

Where the residuary clause is invalid, the property bequeathed passes as intestate estate.

BILL IN EQUITY for construction of will.

SWEENEY, J. This is a bill in equity brought in the Superior Court by the complainant, as administrator *d. b. n. c. t. a.* of the estate of Catherine Ward, to obtain the construction of two provisions of her will and for instructions relative to his duty thereunder. The cause being ready for hearing for final decree was certified for determination to this court under the provisions of Section 35, Chapter 289, General Laws, 1909.

The bill alleges that Catherine Ward died March 27, 1918; that her will was duly admitted to probate; that Patrick J. McCarthy, named as executor therein, duly qualified as such; that he died March 13, 1921, without having fully administered said estate; and that the complainant was appointed administrator *d. b. n. c. t. a.* of said estate July 26, 1921. The complainant avers that he is ready to execute the provisions of the will, and prays for the construction of the second and sixth clauses thereof, and for instructions relative to his duty thereunder.

The second clause of the will is: "Second. I bequeath one hundred dollars, for religious services, in memory of me, my parents and relatives— I request that said sum be given to Rev. John Murry of Sts Peter and Paul's parish, in said Providence, (if in the Diocese of Providence), or to such other Priest as the executor decides—"

The executor died without deciding to pay the bequest to any other priest and the complainant wishes to know if the Rev. John Murry is entitled to receive the bequest. A gift for masses is valid in this state, *Sherman* v. *Baker*, 20 R. I. 446, and the complainant is instructed to pay the bequest to the Rev. John F. Murray who is, according to the record, referred to in said clause as Rev. John Murry.

The sixth clause of the will is: "Sixth. I bequeath the residue and remainder of all the estate and property of which I shall die seized and possessed, or entitled to, unto such Charities as said executor shall determine, the same to be accounted for, and to be distributed as soon as may be after the lapse of one Year subsequent to probate hereof—

or in the discretion of the executor to be given in equal shares to my surviving brothers and sister in Ireland—"

The complainant asks if this clause creates a trust capable of being executed by a court of equity, or is it void for uncertainty and is there a resulting trust for the next of kin.

By the first part of this clause the testatrix made a valid gift for charitable uses, but with the addition of the alternative gift of said estate, in the discretion of her executor, to her next of kin the entire clause was rendered invalid.

"It is well settled that if property, bequeathed by so indefinite a bequest, can consistently with the will be applied to other than charitable uses, the bequest is invalid." *Pell* v. *Mercer*, 14 R. I. 412, 442; *Kelly* v. *Nichols*, 18 R. I. 62; *Mason* v. *Perry*, 22 R. I. 475.

As said sixth clause is a residuary one and is invalid, the testatrix died intestate as to the remainder of her estate and property mentioned in said clause, and said estate and property will pass to her heirs and next of kin as intestate estate. *Church* v. *Church*, 15 R. I. 138; *In re Willbor*, 20 R. I. 126; *In re Kimball*, 20 R. I. 619; *Kelly* v. *Nichols*, 18 R. I. 62; *Pierce, Admr.* v. *Swan, Admr.*, 21 R. I. 320.

In view of the foregoing opinion the first question propounded by the complainant becomes immaterial.

The parties may present to this court a form of decree in accordance with this opinion March 14, 1923.

*James M. Gillrain*, for complainant.

*John Henshaw*, for respondent.